Jeffrey Carey and Stephanie Carey, Plaintiffs-Respondents,
v.
Michael C. Ablan d/b/a Michael Ablan Law Firm S.C., Defendant-Appellant.
No. 03-1930.
Court of Appeals of Wisconsin.
Filed: February 12, 2004.
Before Deininger, P.J., Vergeront and Higginbotham, JJ.
¶ 1. PER CURIAM.
Attorney Michael Ablan appeals an order confirming an arbitration award in favor of Jeffrey and Stephanie Carey and dismissing his counterclaims against them. The Careys move for a determination that the appeal is frivolous. We affirm the trial court's confirmation of the award. We reverse and remand for further proceedings on Ablan's counterclaim for a contingency fee based on Evan Carey's medical expense settlement. Because we reverse in part, we deny the motion for frivolousness costs.
¶ 2. The Careys and their two minor children, including Evan, hired Ablan's law firm to pursue claims for injuries family members suffered in a car accident. They agreed to pay the firm a contingency fee amounting to 40% of any recovery after a lawsuit was commenced, and one-third of any recovery before suit was commenced.
¶ 3. Ablan's firm settled the claims of Stephanie and Jeffrey for $50,000 after commencing a lawsuit, and took a $20,000 fee. However, the Careys disputed that amount, and the matter went to a state bar arbitration panel. After an arbitration hearing, the panel ordered Ablan to return $2,500 to the Careys. The panel stated that it considered the time, labor, and skill required of the attorney; the customary fee in the locality; the nature and results of the case; any time limits imposed by the client or circumstances; the experience, reputation, and ability of the lawyers involved; and whether the fee was fixed or contingent. These are all factors enumerated in SCR § 20:1.5. However, the only one of these factors that the panel elaborated on was the experience of the lawyers involved. The panel noted:
[M]ost of the services the firm provided representing the Careys were performed by associate attorneys with relatively little personal injury experience.... The committee is especially mindful of the fact that Attorney Ablan himself failed to participate in the mediation as promised to the clients, but left it to an attorney with significantly less experience."
¶ 4. The Careys subsequently sued Ablan, seeking judgment for the $2,500 refund that the arbitration panel awarded. In response, Ablan moved to vacate or modify the arbitration award. He also counterclaimed for additional fees, totaling one-third of the $12,834 that the tortfeasor's insurer paid to Evan's medical care providers. The insurer paid that amount before any lawsuit commenced. Evan subsequently filed suit for additional damages with different counsel representing him. That suit remained pending during this proceeding.
¶ 5. After a hearing, the trial court confirmed the arbitration award. On Ablan's counterclaim, the trial court concluded that Ablan must apply for his fee to the court presiding over Evan's pending suit and ask for approval of a minor's settlement. On appeal, Ablan contends that the arbitration panel refused to hear relevant testimony about his colleagues' experience, essentially making its determination without giving him a fair opportunity to respond on the dispositive issue. On the counterclaim dismissal, he contends that a minor's settlement approval was unnecessary on his fee claim, because Jeffrey and Stephanie Carey, and not Evan, were liable for Evan's medical expenses. Consequently, in Ablan's view, Evan had no interest in the matter.
¶ 6. In relevant part, Wis. Stat. § 788.10(1)(c) (2001-02)[1] directs the trial court to vacate an arbitration award on a party's petition "where the arbitrators were guilty of misconduct ... in refusing to hear evidence pertinent and material to the controversy." However, this court has no means to review whether this occurred here, because Ablan failed to provide any record of the arbitration proceeding. Whether Ablan adequately raised the issue, whether the committee did, in fact, refuse to consider evidence and why it may have done so, and whether the information offered was pertinent and material, cannot be determined.[2] The issue is therefore waived.
¶ 7. Even had Ablan not waived the issue, our review of arbitration awards is "exceedingly deferential." Teacher Retirement Sys. of Texas v. Badger XVI Ltd. P'ship, 205 Wis. 2d 532, 552, 556 N.W.2d 415 (Ct. App. 1996). Such awards are presumptively valid. Scherrer Constr. Co. v. Burlington Mem'l Hosp., 64 Wis. 2d 720, 735, 221 N.W.2d 855 (1974). Additionally, a court will not overturn an arbitrator's decision for mere errors of law or fact, but only when "perverse misconstruction or positive misconduct [is] plainly established, or if there is a manifest disregard of the law, or if the award itself is illegal or violates strong public policy." Milwaukee Bd. of Sch. Dirs. v. Milwaukee Teachers Educ. Ass'n, 93 Wis. 2d 415, 422, 287 N.W.2d 131 (1980). Ablan has failed to provide any grounds for reversal under these rigorous standards, even if the panel did not permit a full hearing.
¶ 8. Further proceedings are necessary, however, on Ablan's counterclaim. The Careys do not address his contention that this proceeding is the appropriate forum to decide his claim to a fee based on Evan's medical expenses. Consequently, we deem that argument conceded. See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp., 90 Wis. 2d 97, 108-09, 279 N.W.2d 493 (Ct. App. 1979) (argument not rebutted by the respondent is admitted). Instead, the Careys offer a fact-based argument as to why Ablan has essentially waived his fee in Evan's case. However, the facts that they rely on are not of record, and we therefore do not consider this argument. See Jenkins v. Sabourin, 104 Wis. 2d 309, 313-14, 311 N.W.2d 600 (1981). We therefore remand to the trial court with directions to allow Ablan to proceed on the merits of his claim, subject to any defenses the Careys may have, including the one they attempted to argue in this appeal. Because we reverse the trial court's order on Ablan's counterclaim, we deny the respondents' motion for frivolousness costs.
¶ 9. Finally, by motion to this court Ablan raised the issue whether he or his law firm was the proper party to this proceeding. We stayed consideration of the motion so that Ablan could argue the matter in his briefs. However, Ablan has not done so. We therefore deny the motion to substitute his law firm as the proper party.

By the Court.  Order affirmed in part; reversed in part and cause remanded with directions.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] We note that, according to Ablan, the attorney who signed the settlement statement and appeared to have done most of the work on the Carey case was not available for testimony on the day of the hearing, even had the arbitrators been willing to hear from him.